```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
JAMES KELLY,                                  :     CASE NO. 1:07-CV-919
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Doc. No. 25]
MONTGOMERY LYNCH &                            :
ASSOCIATES, INC.,                             :
                                              :
            Defendant.                        :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 29, 2007, Plaintiff James Kelly ("Kelly") initiated this lawsuit against Defendant Montgomery Lynch & Associates, Inc. ("Montgomery Lynch"), alleging numerous violations of the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act based upon a letter sent to the Plaintiff by the Defendant. [Doc. 1.] On November 19, 2007, the Plaintiff filed the present motion for an order compelling discovery or an order for requests to be deemed admitted. [Doc. 25.] The Plaintiff alleges that the Defendant failed to adequately answer several interrogatories and requests for admission regarding the number of people who received the same letter from the Defendant. The Plaintiff asserts that such information is necessary to support the Plaintiff's motion for class certification in this case. *Id.*

On December 3, 2007, the Defendant opposed the motion, arguing that Rule 36 of the Federal Rules of Civil Procedure permits parties to decline to answer interrogatories based on lack of information after making a reasonable inquiry. Further, Defendant Montgomery Lynch asserts

-1-

Case No. 1:07-CV-919
Gwin, J.

that the requested discovery is unduly burdensome and would violate statutory confidentiality provisions. [Doc. 35.] On December 10, 2007, the Plaintiff replied in support of his motion, claiming that the proposed discovery is not unduly burdensome and that the Plaintiff's examination of the documents would not breach any confidentiality requirements. [Doc. 38.]

For the following reasons, the Court **GRANTS** the Plaintiff's motion to compel discovery and **DENIES** the Plaintiff's motion for an order to deem requests admitted.

### I. Legal Standard

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed R. Civ. P. 26(b)(1). Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may request documents that are in the "possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). The mere "legal right to obtain the documents on demand" constitutes sufficient possession for the purposes of discovery. *See In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995).

The Sixth Circuit has noted that a "discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Marshall v. Bramer,* 828 F.2d 355, 358 (6th Cir. 1987)(quoting Fed. R. Civ. P. 26(b)(1)). Rule 26 is to be liberally construed to permit broad discovery. *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery").

As part of their initial discovery, parties may serve upon each other requests for admission.

Case No. 1:07-CV-919
Gwin, J.

Fed. R. Civ. P. 36. The responding party may answer a request for admission by admitting the request, denying the request, objecting to the request, or explaining that it is unable to answer due to lack of information. Rule 36(a) establishes, however, that a party "may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily ascertainable by the party is insufficient to enable the party to admit or deny." *Id.* The requesting party may move the district court to determine the adequacy of the answers provided. Pursuant to Rule 36(a), "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer may be served." *Id.*

Parties may also petition the court for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. Specifically, Rule 37(a)(2)(B) enables a court to enter an order "compelling an answer, or a designation, or an order compelling inspection in accordance with the request" for failure to respond to a Rule 33 interrogatory. *Id.* The rule also provides for sanctions against parties that do not cooperate with discovery. *Id.* For purposes of this rule, Rule 37(a)(3) instructs that an "evasive or incomplete" answer must be treated as a complete failure to answer. *Id.*

## II. Discussion

Plaintiff Kelly asserts a right to conduct discovery for the purposes of class certification, which the Defendant does not deny. As noted above, parties may conduct discovery regarding any matter, not privileged, that is relevant to the case. The Plaintiff submitted interrogatories and requests for admission to the Defendant on the issue of how many individuals received the specified letter from the Defendant, but the Defendant claims that the discovery request is unduly burdensome because the Defendant's filing system is not maintained in a searchable way and the information

Case No. 1:07-CV-919
Gwin, J.

sought would require "manually searching through hundreds of thousands of records." [Doc. 35.]

Plaintiff Kelly offers four primary answers to refute this claim of undue burden: (1) the fact that the Defendant's filing system is not well-organized does not relieve its obligation to make a reasonable inquiry into the answers sought; (2) the Defendant could have used systematic random sampling or other reasonable search mechanisms to respond to class discovery but chose not to do so; (3) the Defendant could have allowed Plaintiff to personally inspect the Defendant's computer system and records; and (4) the Defendant could merely admit that it sent the relevant letter to at least fifty people and thereby avoid the entire discovery dispute. [Docs. 25, 38.]

Rule 36 of the Federal Rules of Civil Procedure establishes that a party who is unable to admit or deny a request must "set forth in detail" the reasons why it cannot answer. Fed. R. Civ. P. 36. In its responses to the Plaintiff's requests for admission and interrogatories, Defendant Montgomery Lynch merely stated, "After a reasonable inquiry of the information known or readily ascertainable, Defendant is unable to admit or deny, answer is unknown." [Doc. 25-3.] In responding to the present motion, the Defendant now argues in greater detail that its electronic filing system is only searchable by consumer name and, therefore, an attempt to obtain information regarding the number of people who were sent a specific letter during the specified time period would be an arduous task. [Doc. 35.] The Defendant, however, has produced no evidence or description of its attempt to engage in a "reasonable inquiry" to discover and produce the requested information, other than the general observation that finding the information would be difficult. This Court concludes that the requested discovery is not unduly burdensome and that the Defendant has failed to carry its burden of showing that it made a reasonable inquiry to obtain answers to the Plaintiff's requests.

-4-

Case No. 1:07-CV-919
Gwin, J.

Rule 26(b)(2) of the Federal Rules of Civil Procedure permits parties to avoid certain discovery requests for electronically stored information that impose "undue burden or cost." Fed. R. Civ. P. 26(b)(2). Even in such situations, however, "the court may nonetheless order discovery from such sources if the requesting party shows good cause," after weighing factors like the burden of discovery, importance of the information sought, and the availability of the requested materials from another source. *Id.* As noted above, the Plaintiff has provided good cause for his request for information from the Defendant for the purposes of his motion for class certification. The Defendant, in response, cites *Coleman v. American Red Cross,* 23 F.3d 1091, 1098 (6th Cir. 1994), where the Sixth Circuit held that a defendant was not required to respond to a discovery request that would have required it to "search every file that exists at National Headquarters for any documents that might be of any relevance to any matter in the case." *Id.*

This Court finds the Sixth Circuit's decision in *Coleman* inapposite because, in that case, the defendant had already produced "hundreds of interrogatory responses, numerous depositions, and thousands of pages of documents" and the plaintiff's discovery requests were excessively broad. *Id.* In this present case, the Plaintiff's discovery request is narrowly tailored to the issue of the number of individuals with Ohio addresses that received the specific letter mailed to the Plaintiff between March 29, 2005 and the present time. Further, the discovery requested is solely within the control of the Defendant and the Defendant has not produced ample discovery. It appears from the record that Defendant Montgomery Lynch claimed that it was unable to admit or deny more than half of the Plaintiff's twenty-two initial requests for admission. Even if the Plaintiff's discovery requests pose a burden on the Defendant, this Court finds that the importance of the issues involved outweighs any claim of inconvenience or cost. While not all of the information sought by the

-5-

Case No. 1:07-CV-919
Gwin, J.

Plaintiff may be admissible at trial, the Court concludes that it is relevant and reasonably calculated to lead to admissible evidence.

The Court therefore finds that the Defendant was not substantially justified in its responses to the interrogatories and requests for admission. The Court, however, in its discretion, declines to deem the requests admitted. The issue of numerosity is important in this case, and the Court concludes that the interests of justice and fairness to the parties are best served by an order compelling discovery rather than an order deeming requests admitted.

Finally, the Court does not find that the production or inspection of such records would violate any statutory confidentiality provisions found in HIPAA or the FDCPA. Assuming that Defendant Montgomery Lynch even qualifies as a "covered entity" under HIPAA, 45 C.F.R. § 164.512(e) provides that, pursuant to a court order, a "covered entity may disclose protected health information in the course of any judicial or administrative proceeding. . ." *Id.* Further, the FDCPA prohibits debt collectors from communicating with third parties regarding a consumer's debt, but provides an exception when the collector has "the express permission of a court of competent jurisdiction." 15 U.S.C. § 1692c(b). The Court further notes that the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. The Court will also consider motions filed by the parties to seal an individual document in the file or to afford confidentiality protections to certain information. At this point in the case, however, the Court does not believe that the basic discovery requested by the Plaintiff conflicts with any statutory confidentiality requirements.

### III. Conclusion

For the above reasons, this Court **GRANTS** the Plaintiff's motion to compel discovery and

Case No. 1:07-CV-919
Gwin, J.

**DENIES** the Plaintiff's motion for an order to deem requests admitted. The Court, therefore, orders the Defendant to produce materials relevant to Requests for Admission Nos. 13-23, Interrogatory Nos. 24-25, and Requests for Production Nos. 7-8. If Defendant Montgomery Lynch fails to immediately undertake a good faith effort to produce the information, then Plaintiff Kelly and his counsel will be permitted to inspect in a reasonable manner the Defendant's files and records, including electronically stored information, on these issues. Fed. R. Civ. P. 34. The Court will also consider the imposition of Rule 37 sanctions should the Defendant fail to comply with this order.

Finally, this Court notes that it is pellucidly clear that the parties and their counsel have not made a sincere attempt to cooperate in pretrial discovery and thus encourages all case participants to try to minimize further needless frustration, time, and expense associated with the discovery process.

IT IS SO ORDERED.

Dated: December 13, 2007         s/    *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE