UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| JAMES KELLY, | : | CASE NO. 1:07-CV-919 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. Nos. 24, 39] |
| MONTGOMERY LYNCH & ASSOCIATES, INC., | : : | |
| Defendant. | : : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 29, 2007, Plaintiff James Kelly ("Kelly") filed this action on behalf of himself and all similarly situated persons against Defendant Montgomery Lynch & Associates, Inc. ("Montgomery Lynch"). [Doc.1.] The complaint alleges numerous violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code. § 1345.01, *et seq.*, arising from a collection letter sent to the Plaintiff by the Defendant regarding a personal debt ("Exhibit A"). [Doc. 1-1.]

On November 19, 2007, the Plaintiff filed a motion for class certification. [Doc. 24.] The Plaintiff seeks to define the class as: (i) all persons residing in Ohio; (ii) who were sent letters in the form of Exhibit A (attached to the Complaint) by Defendant Montgomery Lynch; (iii) regarding debts incurred for personal, family, or household purposes. The Plaintiff further explains that for claims involving the FDCPA, the class period should be one year prior to the filing of the original complaint through certification. For the OCSPA claims, the class period should be two years prior

Case No. 1:07-CV-919
Gwin, J.

to the filing of the original complaint through certification. [Doc. 24.]

The Defendant opposed the motion on December 3, 2007. [Doc. 34.] On December 10, 2007, the Plaintiff replied in support of his motion. [Doc. 40.] The Plaintiff also moved the Court to strike Exhibit A from the Defendant's opposition to the motion. [Doc. 39.]

For the following reasons, this Court **GRANTS** the Plaintiff's motion for class certification and **DENIES** the Plaintiff's motion to strike the Defendant's exhibit.

### I. The Plaintiff's Motion to Strike

The Court first addresses Plaintiff Kelly's motion to strike Exhibit A [Doc. 34-3] and any reference thereto from the Defendant's opposition to the motion for class certification. [Doc. 39.] The Plaintiff argues that the exhibit, a copy of a February 1, 2007 bounced check in the Plaintiff's name, is unauthenticated, irrelevant, and inadmissible under Rules 402, 802, and 901 of the Federal Rules of Evidence. *Id.* The Defendant opposes this motion. [Doc. 48.]

This Court concludes that the Defendant's exhibit is not relevant for consideration in evaluating the motion for class certification. In deciding whether to certify a class action under Rule 23 of the Federal Rules of Civil Procedure, the court accepts as true the factual allegations contained within a plaintiff's complaint and does not evaluate the merits of the case. *See Reeb v. Ohio Dep't of Rehab. and Corr.,* 81 Fed. Appx. 550, 555 (6th Cir. 2003); *Richard v. Oak Tree Group, Inc.,* 2007 WL 1238899, at *3 (W.D. Mich. 2007). In evaluating the present motion for class certification, the Court therefore must accept the facts as alleged by the Plaintiff regarding the bounced check as true. Further, as the Court will discuss later in this opinion, even if this Court were to consider the Defendant's exhibit, this evidence does not necessarily undermine the suitability of the case for class certification.

Case No. 1:07-CV-919
Gwin, J.

The Court declines to grant the Plaintiff's motion to strike, however, because the Federal Rules of Evidence do not strictly apply in evaluating a Rule 23 motion for class certification. *See Tedrow v. Cowles,* 2007 WL 2688276, at *8-9 (S.D. Ohio 2007); *Bacon v. Honda of Am. Mfg.,* 205 F.R.D. 466, 470 (S.D.Ohio 2001), *aff'd*, 370 F.3d 565 (6th Cir.2004) (denying the defendant's motion to exclude evidence for non-compliance with the Federal Rules of Evidence). Since the Court does not consider the Defendant's exhibit in evaluating this motion, the Court declines to address the evidentiary objections raised by the Plaintiff.

The Court will now address the merits of the Plaintiff's motion for class certification.

## II. The Legal Standard for Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class action lawsuits. Fed. R. Civ. P. 23. A court may certify a class action if all of the Rule 23(a) procedural requirements are met, and if certification is appropriate under Rule 23(b)(1), (b)(2) or (b)(3). *Id.* The party seeking certification bears the burden of proof. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996). District courts have broad discretion in certifying a class, but must first conduct a "rigorous analysis" into whether the prerequisites of Rule 23 have been met. *See Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 161 (1982); *Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1998), *cert. denied,* 524 U.S. 923 (1998).

In reviewing a class certification motion, the court does not evaluate the merits of the plaintiff's claims and accepts as true the allegations in the complaint. *See Reeb,* 81 Fed. Appx. at 555. The court, however, may need "to probe behind the pleadings before coming to rest on the certification question." *Falcon,* 457 U.S. at 160. The Sixth Circuit recognizes a presumption in favor of certification. *See Eddleman v. Jefferson County, Ky.,* 96 F.3d 1448, at *3 (6th Cir. 1996) (table)

-3-

Case No. 1:07-CV-919
Gwin, J.

(noting that "any doubts as to certification should be resolved in favor of plaintiffs").

Rule 23(a) sets forth the following four prerequisites to class certification: (1) the class must be so numerous that "joinder of all members is impracticable"; (2) there must be "questions of law or fact common to the class"; (3) the claims of the representative party must be "typical" of those of the class; and (4) the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Court will evaluate each prerequisite to certification in turn.

### III. Class Certification Analysis

*A. Rule 23(a)(1): Numerosity*

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test for determining when too many parties make joinder impracticable, and the court should look to the specific facts of each case. *Senter v. General Motors Corp.,* 532 F.2d 511, 523 n.24 (6th Cir. 1976), *cert. denied,* 429 U.S. 870 (1976). The practicability of joinder depends on the size of the class, the ease of identifying members, the ability to make service, and their geographic dispersion. However, "impracticable" does not mean "impossible." A class representative need only show that joining all members of the potential class is extremely difficult or inconvenient. Numbers alone are not determinative of this question. *Golden v. City of Columbus,* 404 F.3d 950, 965 (6th Cir. 2005).[1]

---

[1] *See also Taylor v. CSX Transp.,* 2007 WL 2891085, at *3 (N.D. Ohio 2007) (noting that "although no firm numerical test exists, 'substantial' numbers are usually enough to satisfy the numerosity requirement, and 'it is generally accepted that a class of 40 or more members is sufficient'"); *Olden v. LaFarge Corp.,* 203 F.R.D. 254, 269 (E.D. Mich. 2004), *aff'd,* 383 F.3d 495 (6th Cir. 2004) (stating that when "the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied") (internal citation omitted); *Lichoff v. CSX Transp., Inc.,* 218 F.R.D. 564, 570 (N.D. Ohio 2003) (finding that plaintiffs are required to "present more than speculation, but plaintiffs do not have to 'establish class size with precision'").

-4-

Case No. 1:07-CV-919
Gwin, J.

In this case, the Plaintiff argues that although the exact size of the proposed class is unknown, both common sense and general knowledge of the case indicate that the class size will be greater than fifty members. The Defendant argues that the Plaintiff has failed to demonstrate numerosity because he "has presented absolutely no evidence regarding the size of the class." [Doc. 34-2.]

The Defendant overlooks the fact, however, that all of the evidence relating to class size is solely within its own possession and the Defendant has refused to admit requests or answer interrogatories on the issue, produce any documents pertaining to the number of letters identical to Exhibit A sent to Ohio residents, or conduct a reasonable inquiry. [Doc. 42.] This Court has recently ordered the Defendant to produce, or to allow the Plaintiff to inspect, all documents in its possession on the issue of class size, and the results of this discovery are still pending. *Id.*

At this point in the litigation, the Court concludes that Plaintiff Kelly has satisfied the numerosity requirement for class certification because "general knowledge and common sense" indicate that the class size is large. *See Olden,* 203 F.R.D. at 269. Defendant Montgomery Lynch routinely attempts to collect consumer debts in Ohio and likely has frequently used the standard form letter that the Plaintiff received. [Doc. 1-2.] In its opposition to the Plaintiff's motion to compel discovery as to class size, the Defendant itself stated that there are "hundreds of thousands of records" in its possession, presumably records of debtor letters. [Doc. 35.] At conference, the defendant acknowledged having used the letter for an extended period of time. Common sense indicates that, out of these hundreds of thousands of consumer letters, at least fifty of those debtors must have bounced checks and received an Exhibit A letter. Further, the Court is unwilling to penalize the Plaintiff for the Defendant's failure to cooperate with discovery on the issue of

Case No. 1:07-CV-919
Gwin, J.

numerosity.

### *B. Rule 23(a)(2): Commonality*

The plaintiff must also show "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A class representative must "be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon,* 457 U.S. at 156 (internal citation omitted). In this regard, there must be at least one question of law or fact common to the class. *Sprague,* 133 F.3d at 397.

The Plaintiff's putative class in this case clearly satisfies Rule 23(a)(2)'s commonality requirement. In order to participate in the class, a potential member must be an Ohio resident who received a letter in the form of Exhibit A by Defendant Montgomery Lynch regarding a personal debt. The class members, therefore, all share common questions of fact. Further, the members also share common legal concerns because the standard form letter allegedly violates the OCSPA and the FDCPA. This question is shared by all individuals who received the relevant letter during the applicable time period as established in the class definition.

The Defendant claims that the Plaintiff's situation is unique and thus he does not share common questions of law or fact with the other putative class members because his letter contained a typographical error regarding the date of a bounced check and this error may not have occurred with regard to other class members. [Doc. 34.] In evaluating a motion for class certification, however, the Court does not look at the merits of the claims and must generally accept the facts alleged in the plaintiff's complaint as true. *See Reeb,* 81 Fed. Appx. at 555. Importantly, the plaintiff alleges that the letter also contains other violations of the OCSPA and the FDCPA.

Even assuming, however, that the Court could consider the Defendant's argument that the

-6-

Case No. 1:07-CV-919
Gwin, J.

Plaintiff's check was dated February 1, 2007, the Plaintiff's complaint contains claims that would still be cognizable and common to the class. For example, the Plaintiff alleges that the Defendant was not actively seeking and did not intend to seek criminal prosecution of the debtors despite its implication that it was pursuing such an action, and argues that there is a contradiction between the 10-day payment period and the federal 30-day validation notice on the letter. These common questions, among others, still persist even if this Court were to consider the Defendant's evidence.

The Court, therefore, finds that Plaintiff Kelly has sufficiently demonstrated the existence of questions of law or fact that are common to all class members.

### *C. Rule 23(a)(3): Typicality*

Under Fed. R. Civ. P. 23(a)(3), a plaintiff seeking class certification must show that his or her claims are typical of other potential class members' claims. The Sixth Circuit holds, "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague,* 133 F.3d at 399. The court summarized this legal standard simply: "as goes the claim of the named plaintiff, so go the claims of the class." *Id.*

A representative party's claims, however, need not be identical to those of the potential class members. *See Senter,* 532 F.2d at 524; *In re Telectronics Pacing Systems, Inc.,*164 F.R.D. 222, 228 (S.D. Ohio 1995) ("[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory . . . The typicality requirement may be satisfied even if there are factual distinctions between the class members and those of other class members").

This Court finds that Plaintiff Kelly's interests are typical of, and aligned with, those of the

Case No. 1:07-CV-919
Gwin, J.

proposed class members. The Plaintiff's claim and the claims of the class members all arise from the same business practice or course of conduct by the Defendant, and all of the claims are, by definition, based on the same legal theories under the FDCPA and OCSPA. *See Am. Med. Sys., Inc., 75 F.3d at 1082*. Even if certain aspects of Plaintiff Kelly's case, such as the fact that he may not be entitled to actual damages, are unique, his claims and the claims of the other class members do not need to be factually indistinguishable in order to meet the requirement of typicality. *See Senter, 532 F.2d at 524*. Plaintiff Kelly has adequately shown that his claims are typical of the claims that would be advanced by the other Ohio residents who received the Exhibit A collection letter.

*D. Rule 23(a)(4): Adequacy of Representation*

A plaintiff seeking to represent the class must also show that he or she will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is "essential to due process, because a final judgment in a class action is binding on all class members." *Amer. Med. Sys., Inc., 75 F.3d at 1083*. Adequacy of class representation is initially measured by two standards. First, class counsel must be qualified, experienced and generally able to conduct the litigation. Second, class members must not have interests that are antagonistic to one another. *Id.* Interests are antagonistic when there is evidence that the representative plaintiff appears unable to "vigorously prosecute the interests of the class." *Id. See also Alexander Grant & Co. v. McAlister, 116 F.R.D 583, 588-89 (S.D. Ohio 1987)* (explaining that the three-pronged Rule 23(a)(4) test asks: "is the representative a class member, does the representative have a stake in the outcome, and is the representative familiar with the facts and conditions to be challenged on behalf of the class?").

Plaintiff Kelly satisfies the Rule 23(a)(4) test. The record indicates that the Plaintiff indeed qualifies as member of the class because he: (1) is a resident of Ohio, (2) who was sent the Exhibit

Case No. 1:07-CV-919
Gwin, J.

A letter by Defendant Montgomery Lynch; (3) regarding a debt incurred for personal purposes; and (4) within one year of the filing of the original complaint. Nothing in the record indicates that the interests of Plaintiff Kelly would be antagonistic to the interests of other class members, and the Defendant does not dispute this issue. Further, the Plaintiff clearly has a stake in the outcome of this case and is intimately aware of the facts of this litigation.

After reviewing the qualifications of the Plaintiff's lawyers, this Court finds that his attorneys, O. Randolph Bragg and Edward Icove, are competent, experienced, and well-qualified to handle this type of litigation. The Defendant does not oppose this claim. The Court thus concludes that Plaintiff Kelly can provide fair and adequate protection of the interests of the class members.

*E. Class Certification Under Rules 23(b)(2) and 23(b)(3)*

A. Rule 23(b)(3): The Predominance of Common Questions of Law or Fact

Rule 23(b)(3) establishes that a class action may be maintained if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is suitable to other available methods for the fair and efficient adjudication of the controversy." [Fed. R. Civ. P. 23(b)(3)](). The requirement that "common" issues predominate over individual issues assures that the goal of judicial economy is served in fact, not just in theory. *[Am. Med. Sys., Inc., 75 F.3d at 1085]()*.

As discussed above, this Court finds that common questions of law and fact predominate among all putative class members. By definition, all class members, including Plaintiff Kelly, received the Exhibit A letter from the Defendant regarding a personal debt. The Defendant argues that its defense to liability will vary as to each individual class member, depending on their response

Case No. 1:07-CV-919
Gwin, J.

to the letter and whether they could be criminally prosecuted. The Court, however, has already explained that the validity of several, if not all, of the claims alleged in the complaint are independent of the ability of the Defendant to prosecute the debtor. Further, the Plaintiff challenges Exhibit A on its face, alleging that the letter itself violates state and federal law. Class members' responses to the letter, therefore, are unlikely to be relevant and certainly do not weigh against certifying the class based on the common nucleus of operative fact shared by recipients of the letter.

The Court concludes that the interests of fairness, efficiency, and judicial economy are all best served by a class action. Certification in this case is important because each individual class member's claim may be small, resulting in a diminished incentive to sue to enforce his or her rights. Plaintiff Kelly's individual case, for example, arises out of a $55 bounced check and the FDCPA prohibits individual plaintiffs from collecting more than $1,000 in damages. 15 U.S.C. 1692k(a)(2)(A). Further, many of the potential class members may not know that their rights are being violated or may be unable to find a competent attorney to represent them. A class action lawsuit, therefore, is the most appropriate mechanism in this situation to advance the interests of the potential parties and to conserve the time and resources of this Court.

### B. Rule 23(b)(2): Declaratory and Injunctive Relief

Rule 23(b)(2) of the Federal Rules of Civil Procedure provides that an action may be maintained as a class action lawsuit if the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Plaintiff asserts that this class should be certified under Rule 23(b)(2) because he seeks declaratory and injunctive relief on behalf of the class. The Defendant opposes Rule 23(b)(2) class

Case No. 1:07-CV-919
Gwin, J.

certification because it claims that the Plaintiff's request for monetary damages predominates as a matter of law over the equitable relief sought. The Defendant asserts that Sixth Circuit precedent establishes that where an adjudication of an individual plaintiff's claim will provide the class with the injunctive relief sought, then there is no reason that the class should be certified.

This Court finds that the proposed class is well-suited for certification under Rule 23(b)(2). The Plaintiff asks this Court to declare the Exhibit A letter illegal under the FDCPA and to enjoin the Defendant from sending the letter to Ohio residents under the OCSPA. The putative class members, therefore, seek to determine the legality of the Defendant's behavior with respect to the entire class. The minimal monetary damages sought in this case clearly do not predominate over the equitable relief sought. Unlike cases where the plaintiff seeks a constitutional ruling that may automatically accrue to the benefit of the proposed class, the interests of the potential class members in this case would go largely unprotected even if Plaintiff Kelly on his own were able to secure a ruling in his favor under the FDCPA and the OCSPA. The Court thus finds that Rule 23(b)(2) certification is appropriate. *See Tedrow v. Cowles,* 2007 WL 2688276, at *8-9 (S.D. Ohio 2007).

### C. The Hybrid Class

This Court concludes that the class should be certified as a hybrid class under Rules 23(b)(2) and 23(b)(3). The class members possess common questions of law and fact and seek declaratory and injunctive relief. The Defendant's argument that class members may not seek both money damages and equitable relief is largely without merit. The Sixth Circuit has recognized hybrid class actions. *See, e.g., Reeb v. Ohio Dep't of Rehab. and Corr.,* 435 F.3d 639, 658 (6th Cir. 2006) ("Reeb II"); *Olden v. LaFarge Corp.,* 383 F.3d 495, 510-11 (6th Cir. 2004); *Reeb,* 81 Fed. Appx. at 555. In hybrid class actions, the Seventh Amendment may require the court to "bifurcate the

-11-

Case No. 1:07-CV-919
Gwin, J.

liability and damages portion of the trial and grant the plaintiffs opt-out rights with regards to their claims for monetary damages." *Reeb II,* at 658. This Court can resolve the constitutional concerns that may attend hybrid class actions at a later date. At this time, it is enough for this Court to conclude that the class is properly certifiable under both Rules 23(b)(2) and 23(b)(3).

### IV. Conclusion

For the above reasons, this Court **GRANTS** the Plaintiff's motion for class certification and **DENIES** the Plaintiff's motion to strike the Defendant's exhibit. The Court hereby certifies two classes under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. *See Olden,* 383 F.3d at 510-11 (any aspects of the case that do not fall under Rule 23(b)(2) will be heard on a class basis under 23(b)(3)). After considering the relevant factors found in Fed. R. Civ. P. 23(g)(1)(C), the Court appoints attorneys Edward Icove and O. Randolph Bragg as class counsel.

The FDCPA class is defined as follows: all persons residing in Ohio who received letters in the form of Exhibit A (attached to the Complaint) by Defendant Montgomery Lynch & Associates, Inc., regarding debts incurred for personal, family, or household purposes, from March 29, 2006 through December 19, 2007.

The OCSPA class is defined as follows: all persons residing in Ohio who received letters in the form of Exhibit A (attached to the Complaint) by Defendant Montgomery Lynch & Associates, Inc., regarding debts incurred for personal, family, or household purposes, from March 29, 2005 through December 19, 2007.

The Court orders the Plaintiff to provide the "best notice practicable" of this pending litigation to the class members. Fed. R. Civ. P. 23(c)(2). Further, the Plaintiff is ordered to promptly inform the Court of the results of the pending class certification discovery. Should the

Case No. 1:07-CV-919
Gwin, J.

results of that investigation indicate that the class consists of far less individuals than the record suggests, this Court will consider a motion to modify or decertify the class at that time. *See* Fed.R.Civ.P. 23(c)(1)(C); *Daffin v. Ford Motor Co.,* 458 F.3d 549, 554 (6th Cir.2006).

    IT IS SO ORDERED.


Dated: December 19, 2007                                                  s/       *James S. Gwin*
                                                                         JAMES S. GWIN
                                                                         UNITED STATES DISTRICT JUDGE