IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KELLY, | ) | CASE NO. 1:07 CV 919 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MONTGOMERY LYNCH & | ) | |
| ASSOCIATES, INC., | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is the motion[2] of plaintiff James Kelly (Kelly) for an award of costs and

attorney fees pursuant to the federal Fair Debt Collection Practices Act (FDCPA)[3] and the

Ohio Consumer Sales Practice Act (OCSPA).[4]   Defendant Montgomery Lynch and

Associates, Inc. (MLA) concedes that Kelley is entitled to an award of attorney fees under

the terms of the settlement agreement in this case,[5] but argues that the requested amount

should be reduced due to Kelly's attorneys charging "unreasonably high hourly rates."[6]

---

[1] This matter has been referred to me for a report and recommendation.  ECF # 116.

[2] ECF # 114.

[3] 15 U.S.C. § 1692 *et seq.*

[4] O.R.C. § 1345.01 *et seq.*

[5] ECF # 15.

[6] Id., at 2.

Kelly has replied to MLA's opposition.[7]  For the reasons that follow, I recommend finding that Kelly's motion be granted in part as will be more fully discussed below.

## Facts

As noted, this matter was resolved by a settlement agreement and so a lengthy recitation of the facts underlying the suit is not necessary.  For purposes of this motion for fees and costs, however, a brief chronology of events in the suit is in order.

**A.     The suit**

This case was filed in March, 2007.[8]  Kelly then moved to certify this as a class action on November 19, 2007,[9] which motion was granted on December 19, 2007.[10]  MLA thereupon sought an appeal of the class certification,[11] which was denied.[12]  While the appeal from class certification was pending, Kelly successfully moved to compel MLA to comply, in part, with discovery requests.[13]  On November 30, 2007, MLA moved for judgment on the

---

[7] ECF # 117.

[8] ECF # 1.

[9] ECF # 24.

[10] ECF # 50.

[11] *See*, ECF # 114-2 at 2.

[12] *Id*., at Appendix 1.

[13] ECF # 25 (Kelly's motion to compel answers); # 42 (order granting motion in part).

pleadings.[14]  Approximately one month later, Kelley and MLA filed cross motions for summary judgment,[15] with Kelly's motion being granted in part on April 15, 2008.[16]

After this ruling, Kelly and MLA then reached a settlement, ultimately approved by the Court, whereby Kelly recovered $3,200, the class received $2,000, and Kelly's attorneys were acknowledged as entitled to recover reasonable attorney fees and costs.[17]

## B.     The motion for fees and costs

After being unable to agree with MLA on an award of reasonable fees and costs, Kelly filed the present motion.  In it, he contends that his two lawyers, together with their associate attorneys and paralegals, should be entitled to recover a total of $126,661.29 in attorney fees and $2,881.29 in costs.[18]

Attorney O. Randolph Bragg, a 1973 law school graduate whose solo practice in consumer rights litigation, including class actions, was merged in 1997 with the Chicago firm of Horwitz, Howitz and Associates,[19] claimed attorney fees of $67,670.00,[20] calculated as

---

[14] ECF #31.

[15] ECF # 55 (Kelly); # 56 (MLA).

[16] ECF # 100.

[17] ECF ## 103, 104, 109.

[18] ECF # 114-2 at 23.

[19] ECF # 114-4 (Bragg affidavit) at ¶¶ 2-4.

[20] ECF # 114-2 at 23.

149.0 hours spent at an hourly billing rate of $450 per hour for his time,[21] plus 1.3 hours of an associate attorney's time at $200 per hour[22] and 3.6 hours of a paralegal's time at $100 per hour.[23]  In addition, attorney Bragg claims litigation expenses of $1,120.80.[24]

Attorney Edward A. Icove, a 1976 law school graduate whose practice is in Cleveland,[25] has, according to his declaration, handled over 1,200 consumer cases[26] and is now or has served as class counsel in numerous consumer class actions.[27]  Attorney Icove claims $56,110.00 in fees, calculated as 187.2 hours spent on this case at an hourly rate of $300 per hour.[28]  He further claims $1,1760.49 as costs and litigation expenses.[29]

Defendant MLA raises essentially two arguments against granting in full Kelly's motion for fees and costs:

---

[21] ECF # 114-4 at ¶ 17.

[22] *Id.* at ¶ 19.  Although this paragraph in the Bragg affidavit directly follows the paragraph on Bragg's time calculation listed at ¶ 17, there is no ¶ 18.

[23] *Id.* at ¶ 20.

[24] *Id*. at ¶ 21.

[25] ECF # 113 at ¶ 2.

[26] *Id*. at ¶ 5.

[27] *Id*. at ¶ 6.

[28] *Id*. at ¶ 8.

[29] *Id*. at ¶ 9.

   (1)      because Cleveland, not Chicago, is the relevant legal market for determining the amount to be charged for reasonable attorney fees,[30] and because, according to a 2007 Ohio State Bar Association survey of hourly rates, the requested hourly rates for both plaintiff attorneys are at the upper end of hourly rates for attorneys in Cleveland,[31] the total amount of their fees should be adjusted downward;[32] and,

   (2)      because the total monetary recovery of all class members was $5,200.00, an award of $123,780.00 in attorney fees is unreasonable in light of the "nominal" recovery to the plaintiff class members and must be adjusted downward.[33]

In addition, MLA also contends that the total number of hours claimed by Chicago attorney Bragg are "excessive and unreasonable" because: (1) defense counsel's interaction was entirely with Kelly's local attorney until the final settlement discussions in April, 2008; and (2) Bragg is claiming a total number of hours equal to that spent by defense counsel and by Kelly's Cleveland counsel.[34] MLA further contends that the hourly rates claimed here greatly exceed the rates MLA attorneys charged in this same case.[35]

---

[30] ECF # 115 at 4-5.

[31] *Id*. at 5-7.

[32] *Id*. at 7.

[33] *Id*. at 7-9.

[34] *Id*. at 1-2.

[35] *Id.* at 2. *See also*, O'Connell Affidavit, ECF # 115-2 at ¶¶ 3-4.

In response, Kelly argues that:

(1)     defense counsel's hourly rates are "irrelevant" to a determination of reasonable attorney fees for plaintiff's counsel since it is long-recognized that fees contingent on success charged by plaintiff's lawyers are necessarily greater than fees charged by defense lawyers who may rely "on the steady volume of work they can depend upon from their client;"[36]

(2)     MLA's "militant defense" is the reason for both the time spent by counsel on the matter and for the hourly rates associated with skilled attorneys required to overcome that approach;[37]

(3)     Bragg and Icove's requested hourly rates have been found reasonable by other courts in other cases;[38]

(4)     the Ohio State Bar Association Billing Rate Survey is "not applicable here" because its range of hourly rates grouped by years of experience, geographic location in the state and size of firm does not "account for the skill level needed to successfully litigate this case,"[39] nor does it conform to precedent in this Court for fee awards of up to $500 per hour as outlined by the Sixth Circuit in *In re Sulzer Orthopedics*,[40] which approved fee awards originally made by United States District Judge Kathleen O'Malley.[41]

MLA did not file any reply and the matter is now before me for resolution.

---

[36] ECF # 117 at 3-4 (quoting *Ibarra v. Barnett*, 2008 U.S. Dist. LEXIS 46242, at *6 n.4 (M.D. Tenn., June 12, 2008)).

[37] *Id*. at 4-6.

[38] *Id*. at 6-7.

[39] *Id*. at 7.

[40] *In re Sulzer Orthopedics*, 398 F.3d 778 (6th Cir. 2005).

[41] ECF # 117 at 8.

# Analysis

## A.    Standard of review – attorney fees

### 1.    FDCPA statute

The FDCPA provides in pertinent part that "in the case of any successful action to enforce ... liability [under this statute], the costs of the action, together with a reasonable attorney's fee as determined by the court[,]" shall be awarded to the prevailing party.[42] "While allowance of a reasonable fee is discretionary under the civil rights act ... [it is] mandatory under the debt collection act...."[43] This provision for a mandatory award of attorney fees to the prevailing party in FDCPA cases reflects the intent of Congress that consumers act as "'private attorneys general' to enforce the FDCPA."[44]

### 2.    *Standard of review of fee determination*

I note initially that the trial court's determination of a fee award is entitled to substantial deference due to the trial court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters...."[45] Accordingly, the fee award is reviewed on appeal for abuse of discretion.[46]  As the Sixth

---

[42] 15 U.S.C. § 1692k(a)(3).

[43] *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 n.8 (6th Cir. 1997)

[44] *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio, Nov. 10, 2004) (citation omitted).

[45] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[46] *Id.*

Circuit has stated, abuse of discretion in the context of a fee award occurs "when the district court 'relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.[47]  Stated differently, abuse of discretion in the matter of an award of attorney fees will be found only where the district court "plainly erred."[48]

### 3.    *The lodestar*

The court's primary concern in a fee case is that the award be reasonable, "that is, one that is adequately compensatory to attract competent counsel yet avoids producing a windfall for lawyers."[49]    As the Sixth Circuit has noted, determining an attorney's "lodestar" according to the method articulated by the Supreme Court in *Hensley* is the appropriate way for determining reasonable attorney's fees under the FDCPA.[50]  The lodestar is the number of hours reasonably expended on the case multiplied by the attorney's reasonable hourly rate.[51]

Plainly, arriving at the lodestar requires the court to make factual findings as to the reasonable number of hours expended and the attorney's reasonable hourly rate.  In that

---

[47] *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993), quoting *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir.1985) (citations omitted).

[48] *Hamlin v. Charter Township of Flint*, 165 F.3d 426, 437 (6th Cir. 1999), quoting *Thurman v. Yellow Freight Syss.*, 90 F.3d 1160, 1170-71 (6th Cir. 1996) (citation omitted).

[49] *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted).

[50] *See*, *Lee*, 109 F.3d at 306 n.7.

[51] *Adcock-Ladd*, 227 F.3d at 349.

regard, "[t]he party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed."[52]  In turn, a party seeking a reduction in claimed lodestar bears the burden of showing that a reduction is justified.[53]

In the end, the district court must "provide a concise but clear explanation of its reasons" for making a specific award of attorney's fees.[54]  This is true both as to determining the lodestar and, with even greater emphasis, as to any modifications to the lodestar, since, as the Supreme Court has stated, such modifications are proper only in "'rare' and 'exceptional' cases, supported by 'specific evidence' on the record and detailed findings by the lower court."[55]

### 4.    *Elements of the lodestar – number of hours expended*

As the Sixth Circuit observed in *Lee*, an attorney's fee case involving, as here, the FDCPA:

> Waste is not in the public interest.  The Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well.  In directing the courts to award 'reasonable' fees, on the contrary, Congress undoubtedly wished to ensure that the lawyer

---

[52] *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999), citing *Hensley*, 461 U.S. at 433.

[53] *U.S. Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989).

[54] *Hamlin*, 165 F.3d at 437.

[55] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary – nothing less, and nothing more.[56]

In that regard, the Sixth Circuit has also noted, and also in the context of an FDCPA attorney's fee proceeding, that "[w]here the issue of reasonableness of time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required."[57]

In particular, in FDCPA cases involving multiple attorneys, the district court must be aware that "[m]ultiple attorneys are allowed to recover fees on a case *if they show the work reflects the distinct contributions of each lawyer*."[58]  Where, however, the record establishes that both of plaintiff's counsel are "experienced consumer protection attorneys," utilizing both of them on preparing or reviewing filings with "relatively straightforward issues" will be viewed as "duplicative and/or excessive."[59]

5.      *Elements of the lodestar – hourly rate*

A reasonable hourly rate is defined by the Sixth Circuit as the "rate which lawyers of comparable skill and experience can reasonably be expected to command within the venue

---

[56] *Lee*, 109 F.3d at 306-07.

[57] *Mann*, 348 F. Supp. 2d at 929, quoting *Black v. Lojac Enterprises*, 117 F.3d 1420, 1997 WL 377051, at *4 (6th Cir. 1997), citing *Mitroff v. Xomox Corp*., 631 F. Supp. 25, 28 (S.D. Ohio 1985).

[58] *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 414 (S.D. N.Y. 2003) (citation omitted, emphasis added).

[59] *Id*. at 414-15.

of the court of record."[60]  The appropriate rate is not necessarily the rate claimed by a particular attorney or firm, but the market rate in the venue sufficient to encourage competent representation.[61]  Specifically, the Sixth Circuit has held that in determining the market rate within the court's venue for competent counsel, the district court may rely on state bar surveys containing information as to hourly rates within the court's venue for attorneys of different amounts of experience in different sized practices and with different specialties.[62]

In those cases when attorney's fees are sought by counsel from outside the "venue of the court of record," courts must follow a two-step process:  (1) determining whether hiring out of town attorneys was reasonable in the first instance; and (2) determining whether the rates sought by the out of town counsel are reasonable for an attorney of his or her degree of skill, experience and reputation.[63]

**6.     *Post-lodestar adjustments***

A determination of the lodestar does not necessarily end the fee determination process, as other factors may lead the court to adjust the fee either upward or downward.[64]  In general,

---

[60] *Adcock-Ladd*, 277 F.3d at 350.

[61] *B&G Mining v. Director, Office of Workers Comp. Programs*, 522 F.3d 657, 663 (6th Cir. 2008).

[62] *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 619 (6th Cir. 2007).

[63] *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995).

[64] *Id.*

these are the well-known twelve factors whose use has been explicitly endorsed by the Sixth Circuit.[65]

**B.    Standard of review – costs**

As noted in *Mann*, both the FDCPA statute and Rule 54(d) of the Federal Rules of Civil Procedure, authorize the recovery of costs.[66]  However, as also observed in *Mann*, consistent with the Supreme Court's holding in *Crawford Fitting*,[67] "costs recoverable under FDCPA are limited to those listed in [28 U.S.C.] § 1920."[68]  Specifically, 28 U.S.C. § 1920 permits the recovery of the following costs:

> (1) fees of the court and marshall; (2) fees of the court reporter for all and any part of the stenographic transcription necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

---

[65] *See*, *Adcock-Ladd*, 277 F.3d at 349.  The factors which may justify an adjustment of the lodestar are:  (1) the time and labor required to prepare the case; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.  *But see*, *Mann*, 348 F. Supp. 2d at 927, which provides a simplified list of only three factors for adjusting the lodestar.

[66] *Mann*, 348 F. Supp. 2d at 931.

[67] *Crawford Fitting v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987).  Only the items enumerated in section 1920 may be taxed as costs under Rule 54(d).

[68] *Mann*, 348 F. Supp. 2d at 931(citation omitted).

In regards to taxing of any costs permitted by this statute, Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Sixth Circuit has held that this provision "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."[69]  Thus, the district court "has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."[70]

In the specific instance of photocopies, in this District it has been held that "[t]he cost of photcopying documents necessarily obtained for use in a case are taxable under § 1920(4)."[71]  The actual award must be restricted to those photocopies that were reasonable and necessary.[72]  Photocopy expenses are reasonable and necessary to the extent that the copies were "'used as court exhibits or were furnished to the Court or the opposing counsel.'"[73]  Thus, so-called "convenience copies" or extra copies for use of the party

---

[69] *White & White v. Am Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

[70] *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 419 (6th Cir. 2005).

[71] *Wilhelm v. CSX Transp.*, No.5:00-cv-7099, 2005 WL 361482, at *1 (N.D. Ohio, Feb 14, 2005).

[72] *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988).

[73] *Id.*, quoting *Beech Cinema v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1998 (S.D.N.Y. 1979).

seeking recovery of costs are ordinarily not recoverable.[74]  Similarly, where, as here, the court mandates the use of electronic filing, costs for copying of documents required by the court to be filed electronically will not be allowed.[75]

**C.    Application of standards to Kelly's claims**

*1.    The lodestar – hours expended*

With respect to the hours claimed by both of Kelly's attorneys, MLA initially concedes that both of Kelly's counsel were involved in this case, but argues that attorney Bragg's claimed hours are "excessive and unreasonable."[76]  Specifically, MLA asserts that Bragg did not interact with defense counsel until almost one year after the complaint was filed.[77]  In response, Kelly's attorneys assert that Attorney Icove, as local counsel and the personal attorney for Kelly, was primarily responsible here for compliance with the local rules and making appearances in court, while Attorney Bragg was responsible for the class and merits issues.[78]

As noted earlier, it is appropriate in determining the reasonableness of the total hours expended on a case to compare the total hours claimed by each party.  Here, Attorney Bragg

---

[74] *Whirlpool Corp. v. LG Elecs.*, No. 1:04-cv-100, 2007 WL 2462659, at *1 (W.D. Mich., Aug. 26, 2007).

[75] *See*, N.D. Ohio L.R. 5.1.

[76] ECF # 115 at 2.

[77] *Id.*

[78] ECF # 114-2 at 3.

claims, along with his associate and paralegal, to have expended 153.9 hours,[79] while Attorney Icove claims 187.2 hours,[80] for a total amount of 341.1 hours.  Defendant MLA claims to have expended 349 hours.[81]  As is clear from this comparison, the plaintiff and the defendant each expended virtually the same number of total hours.  Thus, without more, a comparison of the total hours spent in this case supports a finding, which I recommend, that the hours claimed by plaintiff's attorneys are reasonable.

## 2.    *The lodestar – hourly rates*

In addressing the second component of the lodestar calculation, hourly rate, I note first that Attorney Icove claims an hourly rate of $300,[82] which represents a full fifty percent increase over the hourly rate approved for him just four years ago by another judge in this Court and $50 per hour more than was approved by yet another judge three years ago.[83] Attorney Bragg claims an hourly rate of $450 per hour,[84] which he points out was approved by a federal judge in the Middle District of Tennessee earlier this year.[85]

---

[79] ECF #114-4 at ¶ 13.

[80] ECF # 113 at ¶ 7.

[81] ECF # 115-2 at ¶ 5.

[82] ECF # 113 at ¶ 7.

[83] *Id.*

[84] ECF # 114-4 at ¶ 14.

[85] *Id.*

First, as to Attorney Icove, I note that his hourly rates should not usually be expected to increase so dramatically in such a short time given that he has been practicing law for over 30 years.  Unlike young associates whose rates may be expected to rise simply with each passing year of experience, attorneys of long experience in the same specialty[86] do not customarily see their hourly rates jump by fifty percent within four years without a clear identifiable reason for such a dramatic increase.

In examining the record cited by Attorney Icove, I do discern one explanation for an increase in his fees since the $250 per hour award in 2005.  As he notes, he has been class counsel in six consumer class actions since 2001, five of which have occurred since the last fee award in 2005.[87]  This additional experience as class counsel in consumer actions since 2005 does represent a basis for an increase in his hourly rate to $300. I thus recommend finding that this rate is reasonable for Attorney Icove.

However, this evidence of local Attorney Icove's extensive (and recent) experience in consumer litigation under FDCPA and the Ohio statute, as well as in consumer class actions, precludes me from recommending a finding that Attorney Bragg's fee claim is reasonable.  In that respect, it is important to remember that in assessing a fee request from counsel from outside of Cleveland, the forum of this Court, this Court must first determine

---

[86] *See*, *id.* at ¶ 5.  Attorney Icove relates that he is a "specialist in consumer law" who has handled "over 1,200 cases in state and federal court, including those brought pursuant to FDCPA and CSPA."

[87] *Id*. at ¶ 6 (listing cases).

-16-

whether it was reasonable in the first instance to retain out-of-forum counsel and only then determine if the fee claimed by such counsel is reasonable for an attorney of counsel's skill, experience, and reputation.

Here, Attorney Bragg has conspicuously not addressed the first element of the test this Court must apply.  There is nothing in the record attesting that it was necessary for Kelly to go outside of Cleveland in order to retain a skilled attorney to bring this action.  Indeed, given what the record already reveals about Attorney Icove, it is hard to see how such a claim about the absence of appropriate plaintiff representation in Cleveland for an FDCPA case involving a class could have plausibly been made here.

The lack of any such documented need for out-of-forum counsel in this case is in clear distinction from the situation in *Carroll v. United Compucred Collections, Inc.*,[88] which is the only case from this Circuit cited by Bragg as justifying his fee award.[89]  In *Carroll*, Senior Judge Nixon clearly premised his finding that Bragg, as counsel from outside of Nashville, the court's forum, was entitled to $450 per hour on the averments of the plaintiffs in that case "that there were no local attorneys with the resources, expertise, or willingness to litigate this FDCPA class action."[90]  As I noted previously, not only has plaintiff here not supplied any such declaration that no attorney in Cleveland had the resources, expertise, or

---

[88] *Carroll v. United Compucred Collections, Inc.*, No.1:99-00152, 2008 WL 3001595 (M.D. Tenn. July 31, 2008).

[89] ECF # 114-4 at ¶ 14.

[90] *Carroll*, 2008 WL 3001595, at *4.

-17-

willingness to take this FDCPA class action, such a declaration could not have credibly been made, since the evidence is abundant that Cleveland Attorney Icove is experienced in both the FDCPA and class aspects of this case, and actually did participate in this case.

Thus, I recommend finding that there is no basis for concluding that out-of-forum counsel was needed here, and so no basis for then considering what Attorney Bragg's hourly rate hypothetically might be should the need for out-of-forum counsel have been established.[91]

Moreover, I do not find MLA's contention persuasive that the total hourly fees for Kelly's attorneys should mirror the total hourly charged by MLA's counsel.[92]  While, as noted, courts have found that a comparison of total hours between plaintiff and defendant is

---

[91] This recommendation obviates the need to conduct a detailed review of many of the cases cited by plaintiff's attorneys wherein they argue that other courts have supported their claimed fees.  As noted in commenting on *Carroll*, if, unlike here, there was sufficient documentation in another case to pass the first threshold of whether the hiring of an out-of-forum counsel was warranted, then decisions by other courts as to the claimed fees were justified for an attorney of similar skill, experience, and reputation would be relevant.  Absent such a finding, these out-of-forum acceptances of Attorney Bragg's fee requests are not relevant.  Moreover, Kelly's reliance on the Sixth Circuit case of *Sulzer*, 398 F.3d 778 is also not relevant.  *Sulzer* involved a complex class action with both a Common Benefit Fund for the class members and a separate Common Benefit Attorney Fee fund.  *Sulzer*, 398 F.3d 779.  Faced with 57 attorneys from a variety of forums all claiming fees computed by rates appropriate to the various locations, District Judge O'Malley, for purposes of managing this process, in her discretion elected to "equalize" the hourly rates for all attorneys with similar years of experience by creating what amounted to a blended hourly rate for all similarly situated attorneys in that case. *Id*. at 780.  Contrary to Kelly's repeated assertions, this was hardly a blanket endorsement of $450 per hour as the accepted hourly rate in this District for all out-of-forum lawyers in all cases.

[92] ECF # 115 at 2-3.

appropriate for ascertaining the number of hours reasonable expended in a case, the determination of a reasonable hourly rate for an attorney within the forum of the court must take into account, as Kelly observed, that plaintiffs counsel are frequently compensated differently from defense counsel.[93]  A simple comparison of rates does not address the factual issue of determining the rate at which a competent plaintiff's attorney in Cleveland, with reasonable skill at presenting a FDCPA, class action suit, would be available for this case.

Accordingly, on this record, I do recommend finding that Attorney Bragg is, like Attorney Icove, experienced in both FDCPA and class actions.[94]  As such, and since I have already recommend finding that the hourly expenditures of time here were reasonable, I recommend finding that Attorney Bragg is entitled to compensation at the same $300 per hour rate as Attorney Icove for the 149.0 hours[95] he expended on this case.

As concerns Attorney Bragg's associate and paralegal, since no showing was made of the need for out-of-forum counsel, no basis exists for compensating Attorney Bragg's associate and paralegal at out-of-forum rates.  Since Attorney Bragg's associate has been practicing law since 2005,[96] and since there is no indication that the 1.3 hours of time he expended on this case involved any matters he was uniquely qualified to address,[97]

---

[93] ECF # 117 at 3-4.

[94] *See*, ECF # 114-4 at ¶¶ 7, 8.

[95] *Id.* at ¶ 13

[96] *Id*. at ¶ 10.

[97] *Id.*

I recommend finding, based on the median rate for Cleveland attorneys with less than five years experience contained in the Ohio State Bar Association Survey,[98] that Attorney Bragg be awarded $150 per hour for the time of his associate, Craig Shapiro.  I further recommend, based on the same rate schedule and the same relationship between the fees of his associate and his paralegal,[99] that Attorney Bragg be awarded $75 per hour for the 3.6 hours spent by his paralegal, Shannon Carter,[100] on this case.

### 3.    The lodestar amounts

Based on the foregoing, I recommend that, as concerns Attorney Icove, the lodestar calculation be found to be $56,110.00, or 187.2 hours of time at $300 per hour. As to Attorney Bragg, I recommend that the lodestar amount be found to be $44,700.00, or 149.0 hours of time at $300 per hour.  In addition, I recommend that the lodestar amounts for attorney Bragg's associate and paralegal be found to be $195 ($150 per hour for 1.3 hours) and $270 ($75 per hour for 3.6 hours), respectively.

### 3.    Adjustments to the lodestar

MLA argues that the lodestar should be reduced because it is disproportionate to the "nominal" amount recovered.[101]  Kelly, in response, points out that he obtained the maximum

---

[98] *Id*. at Ex. 2.

[99] Attorney Bragg claimed that the reasonable rate for his associate was twice that of the reasonable rate for this paralegal.  *See*, ECF # 114 at ¶¶15, 16.

[100] *Id*. at ¶ 11.

[101] ECF # 115 at 7-9.

recovery possible by statute for himself and the class, and so his attorneys should be fully compensated for their efforts toward obtaining that result.[102]

Whatever the general merit of considering the financial result of litigation in passing on the reasonableness of the attorney's fees incurred to produce that result,[103] that analysis is not apposite when, as here, the statute caps the maximum monetary recovery available to a successful plaintiff and the statute, as noted, further requires an award of attorney's fees to a successful plaintiff.  In such a case, as the Sixth Circuit stated in *Lee*, the key consideration in FDCPA attorney's fee cases is not to look to the result for a comparison to the fee, but rather to be certain that the fee does not involve any "waste;" that is, whether there is a reasonable hourly rate charged for time reasonable expended.[104]

Inasmuch as both aspects of the lodestar – the hourly rate and the hours expended – have been reviewed and discussed above, and because the amount even a successful plaintiff like Kelly is fixed, and further because Kelly indeed recovered the full amount possible, I recommend finding that there is no basis for adjusting the lodestar previously recommended because its amount is relatively greater than the amount recovered.[105]

---

[102] ECF # 117 at 8.

[103] *See*, *Adcock-Ladd,* 277 F.3d at 349.  This is a listing of the 12 factors that may justify a reduction in the lodestar.  Item 8 on that list is a consideration of the amount involved and the result obtained.

[104] *Lee*, 109 F.3d at 306-07.

[105] *Carroll*, 2008 WL 3001595, at *5.  Attorney's fees in an FDCPA case not limited by the amount of the plaintiff's recovery.

**4.      *Fees on fees***

Kelly has stated that he will supplement this motion for fees with an additional motion "detailing the additional costs and attorney time expended in preparation of this Motion."[106]

I would note here first that no specific motion is currently before me on additional fees.   However, I would also note, as the District Judge observed in addressing the fees-on-fees issue in *Carroll*,  that "Mr. Bragg, according to his own declaration, is no stranger to the pursuit of attorney's fees in connection with FDCPA matters; he is undoubtedly quite familiar with the law on attorney's fees and the process through which to collect awards, which should reduce the amount of time spent in preparing any motion for attorney's fees."[107]  Accordingly, I would expect, pursuant to the guidance offered in *Carroll*, that any subsequent motion here for fees on fees reflect the hourly rates found by this Court to be reasonable, and further reflect the fact that such work does not involve "complicated or novel tasks that require the experience of a seasoned attorney."[108]

**5.      *Costs***

As noted earlier, costs may be recovered here only to the extent those costs are permitted under 28 U.S.C. § 1920.  Attorney Bragg has submitted $1,120.80 in taxable costs, consisting solely of a claim for the cost of transcribing a  deposition conducted on

---

[106] ECF # 117 at 9.

[107] *Carroll*, 2008 WL 3001595, at *6.

[108] *Id.*

February 11, 2008.[109]  Attorney Icove has submitted $1,760.49 in taxable costs, consisting of postage for mailing the complaint, fees to a process server, witness fees, printing costs, transcription of a deposition of December 19, 2007, subpoena fees, and a copying charge.[110]  MLA has filed no responses to these claimed costs.

My review of each of the claimed costs discloses that only the copying charge of $5.07 incurred on March 28, 2008 is not supportable on this record.  As discussed earlier, copying charges are not allowed unless the copy was made for use as an exhibit in court, or for the benefit of opposing counsel or the Court.  Here, there is no indication that this copy charge was incurred for any permissible reason.  Accordingly, I recommend that it be disallowed.

Thus, I recommend that Attorney Bragg be allowed to recover costs in the claimed amount of $1,120.80 and that Attorney Icove be permitted to recover costs in the amount of $1,755.42.

## Conclusion

For the foregoing reasons, I recommend granting Kelly's motion for an award of attorney's fees and costs as outlined above.

Dated:   September 18, 2008                  s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[109] ECF # 114-6.

[110] ECF # 113, Ex. 2.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[111]

---

[111] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).